IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARTIN H. POEL,

    Plaintiff,

v.                                                                                  CIV 11-882 JB/GBW

WILLIAM WEBBER, et al.,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY

This matter is before the Court on Plaintiff's Motion for Leave to File a Surreply. *Doc. 38.* For the reasons given below, the Court will deny this motion.

Under Local Rule 7.4(b), "[t]he filing of a surreply requires leave of the Court." D.N.M.LR-Civ 7.4(b). A motion for leave to file a surreply should be granted where the moving party, in a reply brief, presents legal arguments or evidence not proffered in the original motion. *See Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005).

In this case, Plaintiff does not allege that any Defendant, in a reply brief "present[ed] legal arguments or evidence not proffered in the original motion." *Id.* Instead, Plaintiff argues that the Court should grant him leave to file a surreply because: (1) Defendant Vogel knowingly attributed "assertions, and admissions to Plaintiff that are misleading"; (2) Defendants Vogel and Webber knowingly misrepresented case law to the Court; (3) Defendants repeatedly made false and misleading statements to the Court; and (4) on account of Defendants repeated false and misleading statements,

Plaintiff "feels a need to briefly recapitulate a summary of his positions on each of Defendant's issues in their Motion to Dismiss."  *Doc. 38* at 1.

These allegations are insufficient to establish a need for a surreply.  First, having reviewed the Replies, Defendants do not present new factual assertions which require a response.  Any allegations about misleading statements must refer to the legal arguments of counsel and not any factual assertions.  Because Defendants do not present new evidence in their Replies, Plaintiff is not entitled to a surreply on that basis.  Second, while Plaintiff may disagree with Defendants' interpretation or presentation of the caselaw, this assertion is different than alleging that they have presented a new legal argument.  Moreover, the Court is perfectly capable of ferreting out misrepresentations about caselaw without the assistance of a surreply.  So, Plaintiff is not entitled to a surreply on the "new legal argument" basis.

Not only does Plaintiff's motion fail to satisfy the burden for permitting a surreply, but it "omits recitation of a good-faith request for concurrence [and, therefore,] may be summarily denied."  D.N.M.LR-Civ. 7.1(a).  While Plaintiff filed subsequent "notices" that Defendants did not concur, this after-the-fact method misses an important reason for the requirement – to encourage discussion between counsel before the filing of motions.

Because Plaintiff does not sufficiently allege that any Defendant raised new arguments or evidence in a reply and because the motion did not comply with the local rules, Plaintiff's Motion for Leave to File a Surreply is hereby DENIED.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE