IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARTIN H. POEL,

    Plaintiff,

v.                                                  CIV No. 11-882 JB/GBW

WILLIAM WEBBER, STEVEN
VOGEL, and ROBERT ROBLES,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Plaintiff, Martin Poel,[1] has filed suit against Defendants William Webber, Steven Vogel (together "co-defendants"), and the Honorable Robert Robles, in his official capacity as Judge of the Third Judicial District Court of the State of New Mexico ("Judge Robles"). *See doc. 1.* Plaintiff alleges that the three defendants conspired against him in a case he filed against co-defendants that was heard in Judge Robles' court. *See generally id.*[2] That state court lawsuit arose out of alleged improprieties in co-defendants' service

---

[1] Plaintiff is proceeding *pro se* in this matter; however, as his signature on the complaint indicates, he has a law degree. *See doc. 1* at 15; *see also infra* n.7. Moreover, the State Bar of New Mexico lists him as an active attorney. *See* State Bar of New Mexico, Find an Attorney, http://www.nmbar.org/findattorney/AttorneyInfo.aspx?id=FopNTk42Qvg%3d (last visited May 4, 2012)). Plaintiff, in fact, has appeared as counsel in this District. *Wiatt v. State Farm Ins. Cos.*, No. 1:07-cv-0526-JB-KBM (D.N.M. May 25, 2007), ECF docket. Ordinarily, the Court must construe the assertions of a *pro se* litigant liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). That consideration is not extended to a *pro se* litigant who is a lawyer. *See Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).

[2] Because review of a Motion to Dismiss requires viewing facts in Plaintiff's favor, *Smith v. United States*, 561 F.3d 1090, 1097-98 (10th Cir. 2009), I treat his assertions in his Complaint as true.

as Plaintiff's counsel in an insurance lawsuit. *Id.* ¶¶ 15-31. Co-defendants filed counterclaims against Plaintiff in that suit. *Id.* at ¶ 34.

Eventually, Judge Robles dismissed all of Plaintiff's claims. *Id.* ¶ 35. Thereafter, Judge Robles conducted a bench trial on co-defendants' counterclaims. *Doc. 1* ¶ 38. Following that trial, Judge Robles "ruled that Plaintiff had not produced any expert testimony, and that his failure to produce expert testimony was grounds for Malicious Abuse of Process, and punitive damages." *Id.* ¶ 41. Judge Robles entered judgment against Plaintiff for $400,000. *Id.* ¶ 50.

Plaintiff filed suit in this Court alleging that Judge Robles decided the underlying case against him based on a conspiracy between Judge Robles and co-defendants. *See generally doc. 1.* His instant suit presents a number of counts that cite the same basis for relief as his State court case. *See id.* ¶¶ 55-80. He also pleads a count based upon an alleged conspiracy. *See id*. ¶¶ 12-54. Plaintiff alleges that the foregoing entitle him to relief on various Federal and State legal and constitutional grounds.

Each defendant has filed a motion to dismiss. *See docs. 7*, *16*, *25*. Defendants Vogel and Webber request dismissal based on the Court's lack of jurisdiction under the *Rooker-Feldman* doctrine, Plaintiff's failure to state a claim upon which relief can be granted, the inapplicability of sections 1983 and 1985 to the case, collateral estoppel/res judicata, and the applicable statutes of limitations. *See docs. 16*, *25*.

2

Judge Robles raises most of the same bases for his Motion to Dismiss as his co-defendants. *Compare doc. 7* at 4-9, 12-15 *with doc. 16* at 3-9, 12, *doc. 25* at 2-5, 7. However, Judge Robles also argues that, as a judge and state official, he enjoys specific immunities relevant to this suit. *Doc. 7* at 9-12. The matters being fully briefed and the Court being fully advised, the presiding judge referred the motions to me for proposed findings and a recommended disposition. *Doc. 23.* As described below, I recommend that Judge Robles' Motion to Dismiss be granted.

## *Analysis*

A party may move to dismiss based upon, *inter alia*, a lack of subject matter jurisdiction or a failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), (6) (2011). In analyzing a motion under either Rule 12(b)(1) or 12(b)(6), the Court treats as true all assertions of fact proffered by the Plaintiff. *Smith v. United States*, 561 F.3d 1090, 1097-98 (10th Cir. 2009).

*Immunity Pursuant to Eleventh Amendment*

The Eleventh Amendment to the United States Constitution provides that the "Judicial power of the United States shall not be construed to extend in any suit . . . commenced or prosecuted against one of the United States by citizens of another state . . . ." U.S. Const. amend. XI. While the Amendment by its terms does not bar suits against a State by its own citizens, th[e Supreme] Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own

3

citizens as well . . . ." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). The protections of the Eleventh Amendment extend to state officials when sued in their official capacities. *See, e.g., Sarkar v. McCallin*, 636 F.3d 572, 577 (10th Cir. 2011) (acknowledging that plaintiff's official-capacity claims against individuals were barred by the Eleventh Amendment). A state judge is a "state official" for the purposes of Eleventh Amendment immunity when sued in his official capacity. *See Raiser v. Kono*, 245 Fed App'x 732, 735-36 (10th Cir. 2008). As such, a state judge sued in his official capacity may "assert the Eleventh Amendment as a defense in federal court unless [he has] waived the defense and consented to suit in federal court." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1268 (10th Cir. 2005). Once the Eleventh Amendment "defense" is effectively raised, "it constitutes a bar to the exercise of federal subject matter jurisdiction." *Fent v. Oklahoma Water Resources Bd.*, 235 F.3d 553, 558-59 (10th Cir. 2000).

Plaintiff has sued Judge Robles in his official capacity as a judge for the State of New Mexico. *Doc. 1* ¶ 6; *see also Doc. 1* (Caption). Plaintiff expressly concedes that, barring waiver, Judge Robles, because he is sued in his official capacity, is entitled to Eleventh Amendment immunity. *See doc. 20* at 2.

4

Plaintiff argues only that Judge Robles has waived this immunity "by arguing the issues of this case on their merits in his Motion for Dismissal." *Id*. Indeed, "[l]itigating the merits of a claim may serve as a voluntary invocation of federal court jurisdiction sufficient to waive a state entity's sovereign immunity." *Steadfast*, 507 F.3d at 1256 (*citing McLaughlin v. Bd. Of Trustees of State Colls.*, 215 F.3d 1168, 1170 (10th Cir. 2000); *Estes v. Wyo. Dept. of Transp.*, 302 F.3d 1200, 1205 (10th Cir.2002)). However, "the test for determining a waiver of immunity is strict and [] there must be an 'unequivocal intent' to waive immunity." *McLaughlin*, 215 F.3d at 1170 (citations omitted). In this case, Judge Robles' only action has been to file the instant motion to dismiss and to oppose Plaintiff's filing of a surreply to that motion. *See docs. 7, 28, 43*. While Judge Robles' motion does include alternative bases upon which to dismiss the claims against him, presenting these alternate arguments does not constitute an unequivocal intent to waive immunity. In his first and only substantive motion, he raised his immunity under the Eleventh Amendment. Under these circumstances, I recommend finding that Judge Robles did not waive his Eleventh Amendment immunity.[3]

As such, I recommend that the claims against Judge Robles in his official capacity be dismissed. Because I recommend that the suit be dismissed on Eleventh Amendment grounds, I recommend a dismissal without prejudice. *See Air Century SA*

---

[3] Moreover, as Plaintiff subsequently recognizes, even if Judge Robles "may have waived his Eleventh Amendment immunity, his judicial immunity is absolute in federal court." *Doc. 20 at 2.*

5

*v. Atlantique Air Assistance*, No. 10-6253, 2011 U.S. LEXIS 23390, at *3 (10th Cir. Nov. 22, 2011) (" . . . [L]ack of subject-matter jurisdiction means that we cannot reach the merits of the parties' dispute . . . .).

*Judicial Immunity*

It appears that every claim against Judge Robles is in his official capacity, but the Complaint is not a picture of clarity. To the extent that any claims are made against Judge Robles in his individual capacity, they would be barred by judicial immunity. *See, e.g., Wiggins v. N.M. State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981). Plaintiff concedes this point and even concedes that judicial immunity requires dismissal of the claims against Judge Robles. *Doc. 20* at 2, 24. Therefore, I recommend dismissal of any individual capacity claims against Judge Robles. Because the Court does not lack jurisdiction over such claims to the extent they are made, I recommend the dismissal of any individual capacity claims be with prejudice.[4]

*Sanctions*

Judge Robles requests that this Court not only grant his motion, but also grant "his costs and reasonable attorney fees associated with defending this matter . . . ." *Doc. 7* at 17. Judge Robles, however, does not identify the statute or rule under which he seeks his costs and fees. Given the variety of possibilities

---

[4] Because Eleventh Amendment and judicial immunity are sufficient to resolve all claims against Judge Robles, I have not addressed, and make no recommendation regarding, the other bases upon which Judge Robles requests dismissal.

6

(Rule 11, Rule 54, 28 U.S.C. § 1920, 28 U.S.C. § 1927, 42 U.S.C. § 1988), it is impossible to make a meaningful recommendation regarding costs/fees without an understanding of Judge Robles' bases and permitting Plaintiff to respond to the same. Therefore, I recommend denying this request without prejudice to a subsequent motion.

## *Conclusion*

I recommend dismissing the claims against Judge Robles in his official capacity without prejudice because, given his effective raising of the defense, this Court lacks subject matter jurisdiction due to the Eleventh Amendment. To the extent Plaintiff makes any claims against Judge Robles in his individual capacity, I recommend dismissing them with prejudice on the basis of judicial immunity. I recommend that Judge Robles' request for costs and fees be denied without prejudice to a subsequent motion.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**