IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARTIN H. POEL,

    Plaintiff,

v.                                                CIV 11-882 JB/GBW

WILLIAM WEBBER, STEVEN
VOGEL, and ROBERT ROBLES,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Plaintiff's Motion for Leave to Amend Complaint. *Doc. 53*. The Motion is fully briefed, and I am fully advised. *See id.*, *docs. 56, 57, 58*. Because the proposed amended complaint fails to state a plausible claim upon which relief may be granted, I recommend that the Court find that amending the complaint would be futile and that the motion be denied.

### *Background*

Plaintiff *pro se*, Martin Poel,[1] brought suit against Defendants William Webber, Steven Vogel and the Honorable Robert Robles in his official capacity as Judge of the Third Judicial District Court of the State of New Mexico ("Judge Robles") on October 1, 2011. *Doc. 1*. At issue in this suit are Plaintiff's allegations that Defendants Webber and

---

[1] As I noted in both of my previous proposed findings and recommended dispositions, Plaintiff is a licensed attorney. *Doc 48* at 1 n.1; *doc. 51* at 1 n.1. As such, he is not entitled to the lighter pleading standards or benefits otherwise existing for a *pro se* litigant. *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).

Vogel committed various tortious wrongs in representing Plaintiff in a state civil suit over which Judge Robles presided. *See generally id.* Moreover, Plaintiff contends that Defendants Webber and Vogel conspired with Judge Robles to reach allegedly wrongful results in that civil suit and that this conspiracy deprived him of several of his constitutional rights, thereby giving rise to Plaintiff's claim under 42 U.S.C. § 1983. *See, e.g., doc. 1* ¶ 47 ("Defendants, conspiring with Judge Robles, seized and searched Plaintiff's property without probable cause . . . .").

Each defendant moved to dismiss the case. *Docs. 7*, *16*, *25*. Between the filing of the second and third of those motions, the presiding judge in this matter, the Honorable James O. Browning, referred this case to me for proposed findings and a recommended disposition. The first of those PFRDs ("First PFRD") addressed Judge Robles' Motion to Dismiss. *Doc. 48*. The second PFRD ("Second PFRD") addressed both Defendant Webber's and Defendant Vogel's motions. *Doc. 51*.

<u>*First PFRD*</u>

In the First PFRD, issued May 4, 2012, I recommended that each of Plaintiff's claims against Judge Robles be dismissed. *See generally doc. 48.* Specifically, I explained that, because Judge Robles was sued in his official capacity and timely raised a defense of Eleventh Amendment immunity, this Court lacked subject matter jurisdiction. *Id.* at 3-6. Additionally, insofar as Plaintiff also intended to assert individual claims against

Judge Robles, I recommended that this Court dismiss those claims pursuant to Judge Robles' judicial immunity. *Id.* at 6.

As is the case with all proposed findings and recommend dispositions for dispositive motions, Plaintiff was required to file objections, if any, to the First PFRD within fourteen days of the filing of the PFRD or waive his right to appeal a decision adopting the PFRD. 28 U.S.C. § 636(b)(1); *see also doc. 48* at 7 (noting objection requirements at conclusion of First PFRD). Rather than objecting, Plaintiff filed a "Concurrence in Recommended Disposition" on May 8, 2012. *Doc. 48.* In light of Plaintiff's failure to object, the Court issued a memorandum opinion and order adopting the First PFRD in its entirety and dismissing all claims against Judge Robles. *Doc. 52.*

### Second PFRD

On June 21, 2012, I issued the Second PFRD wherein I recommended that all claims against both Defendant Vogel and Defendant Webber be dismissed. *Doc. 51.* As to Plaintiff's section 1983 claim against both defendants, I recommended dismissal because Plaintiff failed to state a plausible claim that Defendants Vogel and Webber acted under color of state law either personally or through a conspiracy with a state actor. *Id.* at 16-17. Additionally, I recommended that the Court decline to exercise supplemental jurisdiction over the remaining claims which were all based on state law. *Id.* at 13-14.

The Second PFRD indicated that Plaintiff should file any objections to the Second PFRD within fourteen days of its issuance. *Id.* at 16-17. However, it also provided that Plaintiff could first file a motion to amend his complaint and, if he did so within the fourteen days, the objection time period would be tolled. Plaintiff availed himself of that opportunity and filed the instant motion for leave to amend. *Doc. 53.*

<u>*Analysis*</u>

Pursuant to Federal Rule of Civil Procedure 15, once the opportunity to amend as a matter of course has lapsed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *See* Fed. R. Civ. P. 15(a). When considering a motion for leave to amend under Rule 15, "[t]he court should freely give leave when justice so requires." *Id.* 15(a)(2). This Court "may withhold leave to amend only for reasons such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , or futility of the amendment." *Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2011) (internal quotations omitted). A proposed complaint is futile where, even as amended, the complaint would be subject to dismissal. *See Mountain View Pharmacy v. Abbott Labs.*, 630 F.2d 1383, 1389 (10th Cir. 1980) (noting that leave to amend will be denied when a proposed complaint would be subsequently dismissed).

In the earlier PFRDs, I outlined the legal standards for Rule 12(b)(6) motions and the requirements for stating a claim under § 1983 claims. *Doc. 48* at 3; *Doc. 51* at 7-10. Those standards are the same applicable to determining whether Plaintiff's proposed amended complaint is futile. As such, I will not restate those standards, but simply incorporate them here.

Having compared the proposed amended complaint to the original complaint, I find no changes which carry any legal significance. As such, I conclude that permitting the amendment would be subject to dismissal for the same reasons outlined in the First PFRD and Second PFRD. Because permitting the amendment would be futile, I recommend denial of the motion for leave to amend.

I will review the proposed amended complaint as it relates to each defendant.

*Judge Robles*

Perhaps the most perplexing aspect of Plaintiff's motion is that it proposes to again name Judge Robert Robles as a defendant. In the First PFRD, I recommended that the claims against Judge Robles be dismissed without prejudice because, as a state official, Judge Robles possesses Eleventh Amendment immunity in this matter. *Doc. 48* at 3-6. Moreover, I recommended that, to the extent that Plaintiff asserted any individual capacity claims against Judge Robles, all individual capacity claims be dismissed with prejudice in light of Judge Robles' judicial immunity. *Id.* at 6. Rather than objecting to those recommendations, Plaintiff filed an unsolicited concurrence with

5

the First PFRD. *Doc. 49*. Thereafter, the Court issued an order adopting the First PFRD in its entirety and dismissing all claims against Judge Robles. *Doc. 52*.

Notwithstanding his concurrence with the Court's dismissal of Judge Robles based upon two separate immunities, Plaintiff seeks to name Judge Robles as a defendant once again. *See doc. 53* Ex. 1 at 1 (listing Judge Robles "in his Official Capacity" as a defendant). My review of Plaintiff's motion and accompanying proposed amended complaint reveals that Plaintiff has done nothing in the way of pleading or argument to explain why the claim against Judge Robles would not again be subject to dismissal.

As in his original complaint, Plaintiff states that "[f]or the purpose of jurisdiction, New Mexico State Third Judicial District Judge, Judge Robert Robles (Ret.), is named as a defendant in his official capacity." *See doc. 1*, ¶6; *doc. 53*, Ex. 1, ¶ 5. Indeed, as described in the Second PFRD, for private parties to be subject to suit under §1983, the plaintiff must establish that they conspired with a state actor. *Doc. 51* at 10-12. Perhaps Plaintiff is under the misapprehension that this requirement means that the state actor, Judge Robles in this case, must be included as a named defendant. Nothing could be further from the truth. In fact, the very case that firmly established this conspiracy basis for private actor liability under § 1983 makes clear that the co-conspirator state actor need not be included as a named defendant to maintain the liability. *See Dennis v. Sparks*, 449 U.S. 24, 26-28 (1980) (in § 1983 case alleging conspiracy between private

parties and judge, complaint was not defective even where claims against judge were subject to dismissal due to immunity as long as complaint sufficiently alleged a conspiracy).

For the reasons set forth in the First PFRD and this Court's order adopting the same, the proposed claims against Judge Robles would be subject to dismissal. Therefore, I recommend finding that granting the motion to amend to add him as a defendant would be futile.

<u>*Defendants Vogel and Webber*</u>

As to these defendants, the alterations between the original complaint and the proposed amended complaint fit into three general categories. First, Plaintiff has increased the number of statements alleging that Defendants Vogel and Webber are state actors. Second, Plaintiff has added assertions which seek to bolster his claim of a conspiracy between Defendants Vogel and Webber and Judge Robles. The third category contains only stylistic or organizational changes. Notwithstanding these differences, the bulk of Plaintiff's proposed amendment is identical in form, or substance, or both to the original complaint. *Compare doc. 1* ¶¶ 55-80 *with doc. 51* Ex. 1 ¶¶ 56-80.

*Claims that Defendants Vogel and Webber were State Actors*

The first category of differences is additional statements alleging that Defendants Vogel and Webber are state actors. *See doc. 53* Ex. 1 ¶ 3b ("Plaintiff's attorneys . . .

7

misused power that they possessed by virtue of state law[; t]hat was made possible only because they were clothed with the authority of state law."); ¶ 3d ("During the times . . . that Defendants were not functioning as Plaintiff's attorneys, they acted under color of state law."); ¶ 23 (same as 3b and 3d); ¶ 25 ("Plaintiff alleges that Defendants misused their state enhanced powers . . . ."). None of these new statements add any substance to Plaintiff's original complaint which already presented Plaintiff's contention that Defendants Vogel and Webber were licensed attorneys who committed their alleged misdeeds in the course of legal proceedings. *See generally doc. 1.*

Of course, in the Second PFRD, the undersigned rejected this argument as insufficient to make Defendants Vogel and Webber state actors under § 1983:

> In order to state a claim under § 1983, a claimant must show (1) a deprivation of a right secured by the federal constitution or federal laws; and, (2) that the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). In the instant case, Defendants are private actors and, ordinarily, their actions are not under color of state law. Contrary to Plaintiff's argument, (*doc. 26* at 10), neither the fact that Defendants are licensed to practice law by the state nor the fact that they employ court power to accomplish an objective constitutes 'acting under color of state law' under § 1983. *See Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983) (attorney did not act under color of state law when he employed the device of a subpoena *duces tecum*); *see also Anderson v. Kitchen*, 389 Fed. App'x 838, 840 (10th Cir. 2010) (attorney who allegedly misled state judge and thereby obtained eviction order did not act under color of state law).

*Doc. 51* at 10.

Like Plaintiff's initial complaint, Plaintiff's amended complaint cites to the New Mexico Court of Appeals case of *LaBalbo v. Hymes*, 115 N.M. 314, 320 (Ct. App. 1993), to support his stance that, when licensed attorneys operate in legal proceedings, they become state actors.[2]  *See doc. 1* ¶ 3; *doc. 53* Ex. 1 ¶ 3c.  *LaBalbo* does not support Plaintiff's argument.  In *LaBalbo*, the question was whether a private company under state contract to provide services to mentally disabled persons is a "state actor" under §1983.  *Id*. at 316-17.  In analyzing the question, the New Mexico Court of Appeals relied on the proposition that "a private entity may be characterized as a state actor . . . where the private party jointly participated with the state or its agent in the challenged action."  *Id*. at 320.  The court further explained that the "inquiry must be whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself."  *Id*. (quotations omitted).  After making that inquiry, the court held that, "if the state provides developmental disability services by delegating those responsibilities to a private entity, while retaining the right to determine discharge terms and the responsibility to protect patient's . . . rights, a sufficient nexus between the private entity's decision and the state has been demonstrated so that the private entity's

---

[2] Plaintiff also cites to *United States v. Classic*, 313 U.S. 299 (1941).  That case does not merit further discussion as it stands for the unremarkable proposition that state Commissioners of Elections act under color of state law when certifying elections.  *Id*.  The primary issue in *Classic* was whether primary elections were within Congress' power to regulate.  It does not support Plaintiff's proposition.

9

discharge decision will be considered state action for purposes of maintaining a Section 1983 suit." *Id*. at 324.

The linchpin in *LaBalbo* was that the state had hired a private company to provide a public service the provision of which the state carefully controlled. Essentially, in *LaBalbo*, the company was the state's agent for the purposes of providing the service. To the contrary, the mere licensure of attorneys and the establishment of rules of procedures in state courts do not transform every attorney into an agent of the state. *See, e.g., Barnard*, 720 F.2d at 1189; *Anderson*, 389 Fed. App'x at 840. In the instant case, Plaintiff does not allege that Defendants Vogel and Webber were working for the state in any fashion. Even accepting Plaintiff's allegations that they "were not functioning as [his] attorneys," they were pursuing their own interests and not the state's.[3]

The addition of more allegations that Defendants Vogel and Webber were licensed attorneys who committed their alleged misdeeds in the course of legal proceedings does not cure the lack of "state action" in his § 1983 claim. Therefore, I recommend finding these proposed changes would be futile.

---

[3] Of course, as explained in *LaBalbo*, joint participation between a private actor and the state can constitute state action by the private actor. A conspiracy between a judge and a lawyer to reach a certain result, such as the one Plaintiff alleges here, would be state action under this theory. However, as discussed in the Second PFRD and herein, Plaintiff has not made a plausible claim of such a conspiracy, so his § 1983 action cannot be saved under this theory.

*Additional Assertions of Conspiracy between all Defendants*

"[A] §1983 conspiracy claim may arise when a private actor conspires with state actor to deprive a person of a constitutional right under color of state law." *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 n.6 (10th Cir. 1990). Where such a conspiracy exists, the private actor can be held liable under §1983 for the actions of his state actor co-conspirator. *Id*. Of course, to bring such a claim, a plaintiff must sufficiently plead the existence of the underlying conspiracy.

> When plaintiffs in a civil rights action attempt to assert the necessary element of "state action" by implicating a state judge in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action. The standard is even stricter when the state official[] allegedly involved in the conspiracy [is] immune from suit.

*Crabtree ex rel. Crabtree v. Muchmore*, 904 F.2d 1475, 1481 (10th Cir. 1990)) (court of appeals adopting and attaching trial court's opinion granting 12(b)(6) motion for failure to state a claim) (internal quotations and citations omitted). "A conspiracy cannot be found from allegations of judicial error, ex parte communications . . . or adverse rulings absent specific facts demonstrating agreement to commit the alleged improper actions." *Id.* Because I concluded that Plaintiff had presented no allegations to support the existence of a conspiracy beyond judicial error and adverse rulings, I recommended that the section 1983 conspiracy claims against all Defendants be dismissed. *Doc. 51* at 12.

Plaintiff's proposed amended complaint contains additional, conclusory recitations of the allegation that Judge Robles acted in a conspiracy with Defendants Vogel and Webber. *See, e.g., doc. 53* Ex. 1 ¶ 36 ("Defendants conspired with Judge Robles to achieve a pre-ordained decision to dismiss Plaintiff's lawsuit, and to punish Plaintiff for filing it."). As explained in the Second PFRD, such conclusory allegations cannot establish a plausible claim of conspiracy as required by Rule 12(b)(6). *See doc. 51* at 10-11.

The proposed amended complaint also adds the allegation that "Defendants communicated with Judge Robles through pleadings and motions [that] Defendants knew . . . were not based upon facts, the record, or the law[,]" *Doc. 53* Ex. 1 ¶ 37. It does not point to any particular pleading or motion which established or is proof of a conspiracy. *See generally doc. 53* Ex. 1. If, instead, Plaintiff could point to illicit communications between Judge Robles and Defendants Webber and Vogel, the allegation of improper communication could be a step toward a plausible claim of a conspiracy. However, it is unsurprising, and entirely proper, that Defendants filed pleadings and motions in the case before Judge Robles. For such to save his § 1983 claim, he must point to particular statements in those pleadings which constitute evidence of a <u>conspiracy</u>. Plaintiff does claim that the Defendants' pleadings were false and inaccurate. However, even if he provided actual examples of such, it would at best

12

show that Defendants Vogel and Webber were lying to Judge Robles, not that they were conspiring with him. *See Anderson*, 389 Fed. App'x at 841.

Even with these proposed changes, Plaintiff's § 1983 claim would still be subject to dismissal for failure to plausibly allege a conspiracy. Therefore, I recommend finding these proposed changes would be futile.

*Remaining Changes and State Claims*

The remaining changes between the original complaint and the proposed amended complaint are stylistic, organizational or minor. Of course, they do not cure the problems with the original complaint as described in the Second PFRD. Moreover, nothing in the proposed amended complaint would alter the undersigned's recommendation that the state claims should be dismissed given the failure to plausibly state a federal claim.

## *Conclusion*

Plaintiff's proposed amended complaint is not substantively different than his original complaint. First, the proposed amended complaint seeks to add Judge Robles as a named defendant. However, Plaintiff does not explain why Judge Robles would not be immediately dismissed on the same basis explained in the First PFRD. Second, the proposed amended complaint does not add sufficient facts to plausibly state a §1983 claim against Defendants Vogel and Webber. Third, nothing in the proposed amended complaint changes the basis for the recommendation that the state claims should be

dismissed as well. Thus, the motion for leave to file the amended complaint is futile and I recommend it be denied.

Wherefore, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Leave to Amend Complaint, (*doc. 53*), be DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition ("Third PFRD") they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). The parties are also reminded that they are still permitted to file written objections to the Second PFRD (*doc. 51*). For the sake of clarity, any objections to the Second PFRD will also be due within fourteen days of service of Third PFRD. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of either the Second PFRD or Third PFRD. If no objections are filed, no appellate review will be allowed.**