## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MARTIN H. POEL,

      Plaintiff,

v.                                        No. CIV 11-0882 JB/GBW

WILLIAM WEBBER, STEVEN
VOGEL, and ROBERT ROBLES,

      Defendants.

### MEMORANDUM OPINION AND ORDER OVERRULING THE PLAINTIFF'S OBJECTIONS TO AND ADOPTING THE MAGISTRATE JUDGE'S SECOND PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, AND HIS THIRD PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Objections to the Second and Third Proposed Findings and Recommended Dispositions, filed July 27, 2012 (Doc. 61)("Objections"), and (ii) Plaintiff's Motion for Leave to Supplement Document 61, filed August 6, 2012 (Doc 62)("Motion to Supplement").  The primary issues are: (i) whether the Court should sustain the Plaintiff Martin H. Poel's Objections to the Magistrate Judge's Second Proposed Findings and Recommended Disposition, filed June 21, 2012 (Doc. 51)("Second PFR&D"), and to the Magistrate Judge's Third Proposed Findings and Recommended Disposition, July 26, 2012 (Doc. 60)("Third PFR&D"), because the Honorable Gregory B. Wormuth, United States Magistrate Judge, issued the Second PFR&D and the Third PFR&D before Dr. Poel had time to file a reply; (ii) whether the Court should sustain Dr. Poel's objections to the Second PFR&D and Third PFR&D, because Judge Wormuth was wrong in concluding that Dr. Poel does not state a valid claim upon which relief can be granted because Mr. Vogel and Mr. Webber were not state actors and Dr. Poel fails to allege any evidence of conspiracy; and (iii) whether the Court should grant Dr. Poel leave

to amend his Complaint for Violations of Amendments I, IV, V, VIII, and XIV of The United States Constitution, Art. II §§ 4, 10, and 18 of the New Mexico Constitution, and Miscellaneous State Torts, filed October 1, 2011 (Doc. 1)("Complaint"), where the proposed amended complaint does not remedy the fatal flaw of his original Complaint -- the failure to state a plausible claim upon which relief can be granted.  Because the Court finds that Dr. Poel was not entitled to file a reply before Judge Wormuth issued his Second PFR&D and Third PFR&D, and because the Court finds that Dr. Poel still fails to state a plausible claim upon which relief can be granted, the Court will overrule Dr. Poel's objections to the Second PFR&D and Third PFR&D.  The Court will also deny his request to amend his Complaint.  The Court will grant Defendant Steven Vogel's Motion and Memorandum to Dismiss, filed November 1, 2011 (Doc. 16), and Defendant William Webber's Motion to Dismiss, filed November 10, 2011 (Doc. 25).  The Court will, however, grant Plaintiff's Motion to Supplement.

## FACTUAL BACKGROUND

Mr. Vogel and Mr. Webber, both attorneys, represented Dr. Poel Martin H. Poel in Poel v. United Concordia Ins. Co., D-307-CV-200301487 (Third Judicial District Court, New Mexico). Believing that they engaged in misconduct during that representation, Dr. Poel brought suit against Mr. Vogel and Mr. Webber in state court before the Honorable Robert Robles, State District Judge, Third Judicial District Court, New Mexico.  See   Poel v. Vogel, D-307-CV-200601638 (Third Judicial District Court, New Mexico).  That case was dismissed.

## PROCEDURAL BACKGROUND

Dr. Poel brought this action under 42 U.S.C. § 1983 against Mr. Webber, Mr. Vogel, and Judge Robles, in his official capacity. See Complaint.  Dr. Poel alleges that: (i) Mr. Vogel and Mr. Webber deprived him of his constitutional rights via their alleged misconduct in Poel v. United

Concordia; and (ii) Mr. Vogel and Mr. Webber conspired with Judge Robles to deprive him of his constitutional rights in Poel v. Vogel.  See Complaint ¶¶ 12-80, at 3-14.  Each Defendant moved to dismiss the case.  See Judge Robert Robles' First Motion to Dismiss and Memorandum in Support Thereof, filed October 26, 2011 (Doc. 7); Motion and Memorandum to Dismiss, filed November 1, 2011 (Doc. 16); Defendant William Webber's Motion to Dismiss, filed November 10, 2011 (Doc. 25).

In his first Proposed Findings and Recommended Disposition, filed on May 4, 2012, the Honorable Gregory B. Wormuth, United States Magistrate Judge, recommended that the Court dismiss Dr. Poel's claims against Judge Robles on the grounds of Eleventh Amendment and judicial immunity.  See Doc. 48 ("First PFR&D").  The Court adopted that PFR&D and granted Defendant Judge Robles' Motion to Dismiss.  See Memorandum Opinion and Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition, filed July 2, 2012 (Doc. 52).

In his Second Proposed Findings and Recommended Disposition, filed June 21, 2012, Judge Wormuth recommended dismissing Dr. Poel's claims against Mr. Vogel and Mr. Webber.  See Doc. 51, at 16 ("Second PFR&D").  Judge Wormuth concluded that Dr. Poel failed to state a plausible claim under § 1983.  Because Mr. Vogel and Mr. Webber are private actors, they "can be liable under § 1983 only if Plaintiff shows that they conspired with Judge Robles to deprive Plaintiff of a constitutional right under color of state law."  Second PFR&D at 15-16.  Judge Wormuth found that Dr. Poel's allegations on that point were "either conclusory or utterly insufficient to plausibly make such an assertion."  Second PF&RD at 16.

Dr. Poel then filed his Motion for Leave to Amend Complaint on July 2, 2012.  See Doc. 53 ("Motion to Amend").  In this Motion to Amend, Dr. Poel states that he wishes to amend his Complaint "to show plausibility for the allegation[s]" that: (i) Mr. Vogel and Mr. Webber were state

actors pursuant to § 1983; (ii) that, in that capacity, they deprived Dr. Poel of his constitutional rights; and (iii) that they conspired with Judge Robles "to corrupt state judicial process" and deprive Dr. Poel of his constitutional rights.  Motion to Amend at 1-2.

In his Third Proposed Findings and Recommended Disposition, filed July 26, 2012, Judge Wormuth recommends denying Dr. Poel's motion for leave to amend his complaint.  See Doc. 60 at 14 ("Third PFR&D").  "Because the proposed amended complaint fails to state a plausible claim upon which relief may be granted," he recommends "that the Court find that amending the complaint would be futile."  Third PFR&D at 1.

Dr. Poel filed objections to the Second and Third PFR&Ds, which are the subject of this Order, on July 27, 2012.  On August 6, 2012, Dr. Poel moved the Court for leave to supplement his objections with "new evidentiary allegations and arguments."  Motion to Supplement at 1.  While Dr. Poel's motion is entitled a "motion for leave to supplement," the motion in fact presents additional objections.  See Motion to Supplement at 1-2.  Because these objections were filed within the time period for objections, the Court will grant the motion to supplement and consider the additional objections.

## ANALYSIS

It appears that Dr. Poel intends his submission to constitute objections to Judge Wormuth's Second PFR&D and Third PFR&D; a reply to Mr. Vigil's and Mr. Webber's response to his prior motion for leave to amend; and a second motion for leave to amend his complaint.[1]  The Court will

---

[1]

Dr. Poel has titled the document "Objections to the Second and Third Proposed Findings and Recommended Disposition," Objections at 1, but he has also attached a Second Amended Complaint as an exhibit, see Doc. 61-1, and "prays the Court to Grant his Motion for Leave to Amend Complaint," Objections at 15.  Moreover, Dr. Poel states that he "is entitled to file a Reply to Defendants' Responses to his Motion for Leave to Amend his Complaint," and notes that

overrule the objections to the Second PFR&D and Third PFR&D, and adopt the Second PFR&D and Third PFR&D as its own.  The Court will deny the Motion to Amend.

## I.   THE COURT WILL OVERRULE THE OBJECTIONS TO THE SECOND AND THIRD PFR&DS, AND ADOPT THE PFR&DS AS ITS OWN.

After a party objects to the magistrate judge's proposed findings and recommendations, the Court "shall make a de novo determination of those portions . . . to which objection is made."[2]  28 U.S.C. § 636(b).  Objections must be made with specificity; general or conclusory objections are insufficient.  See United States v. 2121 E. 30th St., 73 F.3d 1057, 1060-61 (10th Cir. 1996).  "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).

### A.   DR. POEL HAS NO RIGHT TO FILE A REPLY.

First, Dr. Poel argues that the Judge Wormuth's findings in his Third PFR&D were "premature," because they were "made without taking Dr. Poel's Replies into account."  Objections at 2.  He suggests that he "is entitled to file a Reply to Defendants' Responses to his Motion for Leave to Amend his Complaint."  Objections at 2.  Contrary to Dr. Poel's assertion, a court need not wait for a reply brief before reaching its decision.  See Scott v. Dona Ana Cnty. Comm'rs, No. CIV

---

"Plaintiff's Replies are the substance of the arguments" contained in the submission.  Objections at 2.

[2]    Pursuant to 28 U.S.C. § 636(b)(1), a party may file objections to a magistrate judge's proposed findings and recommended disposition within fourteen days of being served with those findings.  28 U.S.C. § 636(b)(1).  Dr. Poel filed his objections to both the Second and Third PFR&Ds on July 27, 2012, only one day after Judge Wormuth issued his Third PFR&D.  In his Second PFR&D, Judge Wormuth agreed to toll the time period for objections to the Second PFR&D "if Plaintiff files a motion for leave to amend which complies with the Federal Rules of Civil Procedure and the local rules."  Third PFR&D at 12 n. 6.  As Dr. Poel filed such a motion, his objections are timely as to both the Second PFR&D and Third PFR&D.

09-0797 JB/GBW, 2012 WL 1132464, at *13 n.17 (D.N.M. Mar. 28, 2012)(Browning, J.)("This .

. . is particularly true in the context of a PFRD where the litigant will have the opportunity to file

objections to the PFRD.").  Moreover, as Dr. Poel notes, the substance of the arguments that he

intended to include in a reply form the basis of the objections he has filed and that the Court is

considering.  See Objections at 2.  As such, he suffered no prejudice from not being allowed to file

a reply before Judge Wormuth issued his PFR&Ds.  The Court will therefore overrule Dr. Poel's

first objection.

### B.   DR. POEL FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983.

Dr. Poel's second and third objections assert that, contrary to Judge Wormuth's findings in

his Third PFR&D, Dr. Poel's proposed amended complaint states a plausible claim under Section

1983 for which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  Dr. Poel argues that Mr. Vogel

and Mr. Webber are subject to § 1983, because: (i) they were state actors when they failed to

adequately represented him in his case before Judge Robles in state court; and (ii) they conspired

with Judge Robles to harm him.  See Objections at 6-15.

### 1.  Mr. Vogel and Mr. Webber are not State Actors

As to Dr. Poel's argument that Mr. Vogel and Mr. Webber were state actors, Dr. Poel relies

on two cases from the Supreme Court of the United States: Polk Cnty. v. Dodson, 454 U.S. 312

(1981), and Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922 (1982).  These cases are inapposite.

Polk Cnty. v. Dodson addressed whether public defenders are state actors for purposes of

§ 1983.  In holding that they are not, the Supreme Court evaluated the role of public defenders,

noting that public defenders serve a "private function" and act not on behalf of the State but, rather,

on behalf of their clients.  Polk Cnty. v. Dodson, 454 U.S. at 318-19.

In Lugar v. Edmonson Oil Co., Inc., a truck stop operator was indebted to Edmondson Oil, his supplier.  Edmondson Oil sued on the debt in state court and, pursuant to state law, sought prejudgment attachment of Lugar's property.  See 457 U.S. at 924-25.  The state court issued a writ of attachment, which was later dismissed.  See 457 U.S. at 924-925.  Lugar then brought a Section 1983 action against Edmondson Oil, arguing that Edmondson Oil was a state actor both by virtue of misusing a state statute to accomplish a wrongful attachment and because the statutory procedure was itself wrongful.  See 457 U.S. at 925.

The Supreme Court held that Edmonson Oil did not become a state actor merely through its abuse or violation of a state law, because that action could not be fairly ascribed to a governmental authority.  See 457 U.S. at 940.  The Supreme Court found that Lugar stated a valid claim under § 1983, however, when he alleged that Edmondson Oil "invoke[ed] the aid of state officials to take advantage of the state-created attachment procedures."  See 457 U.S. at 941.  "[T]he State has created a system whereby state officials will attach property on the *ex parte* application of one party to a private dispute."  457 U.S. at 942.  By using that system, Edmondson Oil became a "joint participant" in the seizure of Lugar's property.  See 457 U.S. at 941-42.

Dr. Poel here latches on to the "functional analysis" described in Polk Cnty. v. Dodson, arguing that, while Mr. Vogel and Mr. Webber are not state officials, they, like Edmondson Oil in Lugar v. Edmonson Oil Co. Inc., functioned as such during their allegedly fraudulent representation of Dr. Poel.  See Objections at 9.  The United States Court of Appeals for the Tenth Circuit has rejected the argument that Lugar v. Edmonson Oil Co., Inc., stands for the proposition that private lawyers invoking state legal procedures are state actors under § 1983.  See Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir. 1983); Read v. Klein, 1 F.App'x 866 (10th Cir. 2001).  As the Tenth Circuit pointed out in Read v. Klein, Lugar v. Edmonson Oil Co., Inc. "is carefully limited to

prejudgment seizures of property." Read v. Klein, 1 F.App'x at 870 (quotations and citation omitted). "In other contexts, a private party's 'mere invocation of state legal procedures' does not constitute joint participation and thus is not state action." Read v. Klein, 1 F.App'x at 870. Therefore, "parties to litigation and their lawyers are not state actors." Read v. Klein, 1 F.App'x at 870.

Like the plaintiff in Read, Dr. Poel has "not cited any authority other than Lugar for the proposition that parties to litigation and their lawyers may become state actors merely by obtaining orders from a state court judge." Read v. Klein, 1 F.App'x at 872. The Tenth Circuit refused to adopt such a rule in Read v. Klein, 1 F.App'x at 870, and the Court declines to do so here.

## 2. Dr. Poel's Complaint Presents No Evidence of a Conspiracy.

Dr. Poel's third objection is that Judge Wormuth wrongly determined that Dr. Poel had failed to make a plausible claim that Mr. Vogel and Mr. Webber conspired with Judge Robles to deprive Dr. Poel of his constitutional rights. See Objections at 6-15; Motion to Supplement at 5-7. Although the Court is

> mindful that direct evidence of a conspiracy is rarely available and that the existence of a conspiracy must usually be inferred from the circumstances, . . . the rule is clear that allegations of conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action.

Crabtree ex rel. Crabtree v. Muchmore, 904 F.2d 1475, 1480-81 (10th Cir. 1990).

Dr. Poel has put forward no evidence of an agreement between Judge Robles and Mr. Vogel and Mr. Webber, nor of any concerted action between concerning Mr. Vogel, Mr. Webber, and Judge Robles. Dr. Poel states that "Judge Robles and the Defendants communicated directly and continuously through pleadings and motions." See Objections at 14. That behavior in itself is innocuous; all lawyers communicate with judges through pleadings and motions.

-8-

Moreover, even if Dr. Poel provided specific evidence that either Mr. Vogel or Mr. Webber knowingly misrepresented facts in the proceedings before Judge Robles, or that Judge Robles intentionally ignored the facts and the law when deciding <u>Poel v. Vogel</u>, <u>see</u> Objections at 12, such evidence would establish only that they independently acted improperly.  It would not show the sort of "willful participation in a joint activity" necessary to prove conspiracy.  <u>See</u> <u>Crabtree ex rel.</u> <u>Crabtree v. Muchmore</u>, 904 F.2d at 1481.  Nowhere in his pleadings does Dr. Poel put forth any factual support for an inappropriate agreement concerning Mr. Vogel, Mr. Webber, and Judge Robles.

### 3.  Dr. Poel's Proposed Amended Complaint Similarly Presents No Evidence of a Conspiracy.

Dr. Poel also objects to Judge Wormuth's recommendation that Dr. Poel not be permitted to file his amended complaint.  <u>See</u> Motion to Supplement at 2-7.  Judge Wormuth's recommendation is based on his conclusion that, as proposed, Dr. Poel's Amended Complaint would be subject to dismissal for the same deficiencies found in his Complaint.  <u>See</u> Third PFR&D at 5-13.  Accordingly, permitting the amendment would be futile.  <u>See</u> <u>Cohen v. Longshore</u>, 621 F.3d 1311, 1313 (10th Cir. 2011).  Having reviewed Dr. Poel's proposed Amended Complaint and the additional factual allegations found in his objections, the Court agrees that permitting the amendment would be futile.  None of the changes in the proposed Amended Complaint, even if they were augmented with facts in Dr. Poel's Objections, would present a plausible § 1983 claim.  Such a complaint would again fail to put forth any evidence of a conspiracy between Judge Robles and the private attorneys.

The Court therefore overrules Dr. Poel's Objections, <u>See</u> Objections; Motion to Supplement, and adopts Judge Wormuth's Second and Third PFR&Ds, recommending dismissal of Dr. Poel's

claims against Mr. Vogel and Mr. Webber, and denial of Plaintiff's Motion for Leave to Amend

Complaint, See Motion to Amend.

## I.   THE COURT WILL DENY DR. POEL'S LEAVE TO FILE HIS SECOND AMENDED COMPLAINT.

Dr. Poel appears to intend his Objections to also constitute a second motion for leave to

amend his complaint.[3]   Pursuant to rule 15(a)(2), "a party may amend its pleading only with the

opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).   While "the court

should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), "the district

court may deny leave to amend where amendment would be futile," Jefferson Cnty. Sch. Dist. No.

R-1 v. Moody's Investor's Serv., Inc., 175 F.3d 848, 859 (10th Cir. 1999).   "A proposed amendment

is futile if the complaint, as amended, would be subject to dismissal." Jefferson Cnty. Sch. Dist. No.

R-1 v. Moody's Investor's Serv., Inc., 175 F.3d at 859.   Mr. Vogel and Mr. Webber have not

consented to Dr. Poel's amendment.   The Court therefore must consider whether it is in the interests

of justice to grant Dr. Poel leave to amend.

---

[3]

Dr. Poel has attached his Second Amended Complaint as an exhibit to his
Objections rather than file a separate motion for leave to amend. See Objections.  Rule 7(b)
of the Federal Rules of Civil Procedure requires that a request for a court order be made
by a motion which states with particularity the grounds for seeking the order.  See Fed. R.
Civ. P. 7(b)(1).  Rule 7(b)(1) is intended to ensure that opposing parties have notice of the
motion and "the court can comprehend the basis of the motion and deal with it fairly."
Calderon v. Kan. Dep't of Social & Rehab. Serv., 181 F.3d 1180, 1186 (10th Cir. 1999).  As
Mr. Vogel and Mr. Webber appear to have interpreted Dr. Poel's Objections as a Motion
for Leave to Amend and filed responses to that motion, see Judge Robert Robles' Response
to Plaintiff's Objections and Supplemental Objections to the Magistrate Judge's Second and
Third Proposed Findings and Recommended Disposition, filed August 9, 2012 (Doc. 64);
Defendant Vogel's Response Opposing Plaintiff's Motion for Leave to Amend Complaint,
filed August 9, 2012 (Doc. 65), the Court construes Dr. Poel's objections to provide
adequate notice to the Court and opposing parties.

Dr. Poel's proposed second amended complaint states the same allegations as his first amended complaint, <u>See</u> Proposed Amended Complaint for Civil Rights Violations of Amendments I, IV, V, VIII, and XIV of the United States Constitution, Art. II §§ 4, 10, 13, and 18 of the New Mexico Constitution, and Miscellaneous State Torts (Doc. 53-1), which the Court has denied leave to file.  Dr. Poel's proposed amendments are futile, because they do not remedy the fatal flaw of his original complaint -- the failure to state a plausible claim upon which relief can be granted.  To the extent Dr. Poel's Objections also constitute a second motion for leave to amend his Complaint, the Court denies that motion.

**IT IS ORDERED**: (i) that Plaintiff's Motion for Leave to Supplement his Objections, Doc. 62, is granted; (ii) that Plaintiff's Objections to the Second and Third PFRDs, Doc. 61, are overruled; (iii) that the Magistrate Judge's Second Proposed Findings and Recommended Disposition, Doc. 51, and the Magistrate Judge's Third Proposed Findings and Recommended Disposition, Doc. 60, are adopted; (iv) Plaintiff's Motion for Leave to Amend Complaint, Doc. 53, is denied; and (v) Defendant Steven Vogel's Motion and Memorandum to Dismiss, Doc. 16, and Defendant William Webber's Motion to Dismiss, Doc. 25, are granted.  Plaintiff Martin H. Poel's claims against Defendants Steven Vogel and William Webber are dismissed.

_____
UNITED STATES DISTRICT JUDGE

Parties and counsel:

Martin H. Poel
Las Cruces, New Mexico

        *Plaintiff pro se*

Gerald G. Dixon
Spring V. Schofield
Dixon, Scholl & Bailey, P.A.
Albuquerque, New Mexico

     *Attorneys for Defendant William Webber*

Briggs F. Cheney
Sheehan Sheehan & Stelzner
Albuquerque, New Mexico

     *Attorneys for Defendant Steven Vogel*

Mark D. Jarmie
Jarmie & Associates
Albuquerque, New Mexico

     *Attorneys for Defendant The*
          *Honorable Robert Robles*